**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**JOHN E. JOHNSON**                                                 **PETITIONER**
**ADC #121088**

**CASE NO. 4:21-CV-18-LPR-BD**

**DOE, Sheriff,
Pulaski County, Arkansas**                                     **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I.**     **Procedure for Filing Objections:**

This Recommendation for dismissal has been sent to Judge Lee P. Rudofsky. Petitioner John E. Johnson may file objections if he disagrees with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If Mr. Johnson does not file objections, he risks waiving the right to appeal questions of fact. And, if no objections are filed, Judge Rudofsky can adopt this Recommendation without independently reviewing the record.

**II.**     **Discussion:**

Petitioner John E. Johnson began serving a seventy-year sentence in the Arkansas Division of Correction (ADC) after a Pulaski County jury found him guilty of second-degree murder and first-degree battery. *State v. John Ellis Johnson*, Court Appearance &

Sentencing Order, Case No. 60CR-16-1976 (Nov. 30, 2018 & Dec. 12, 2018).[1] In his habeas corpus petition, Mr. Johnson claims that he is being detained for an excessive period of time without the chance to either enter a plea or post bond. (Doc. No. 1 at p. 1)

On January 12, 2021, the Court directed Mr. Johnson to file an amended petition because the allegations set out in his original petition did not appear to state a federal claim for habeas corpus relief. In the January 12 Order, the Court also alerted Mr. Johnson of his obligation either to pay the $5 filing fee required in habeas corpus cases or to file a motion for *in forma pauperis* (IFP) status. The Court gave Mr. Johnson 30 days to address the filing fee requirement and warned him that his petition could be dismissed, without prejudice, if he failed to satisfy the filing fee requirement within the time allowed.

Mr. Johnson filed a supplement to his habeas petition (Doc. No. 3) but failed to submit a motion to proceed IFP or pay the filing fee. The time for doing so has passed. Accordingly, Mr. Johnson's petition should be dismissed for failure to comply with the Court's January 12 order. Local Rule 5.5(c)(2).

### III.    **Certificate of Appealability:**

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if

---

[1] Case information is publicly available at "CourtConnect" on the Arkansas Judiciary's homepage, https://caseinfo.arcourts.gov/cconnect/.

Mr. Johnson has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Johnson has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

**IV.** **Conclusion:**

The Court recommends that Mr. Johnson's habeas corpus petition (Doc. Nos. 1, 3) be DISMISSED, without prejudice, for failure to comply with the Court's January 12, 2021 Order. Furthermore, a certificate of appealability should be denied.

DATED this 24th day of February, 2021.

_____
UNITED STATES MAGISTRATE JUDGE